### NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022*
Decided June 21, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2167

| | |
|---|---|
| ANDRÉ V. POWELL,<br>*Petitioner-Appellant,* | Appeal from the United States District Court<br>for the Northern District of Indiana,<br>South Bend Division. |
| *v.* | No. 3:19-CV-198-DRL-MGG |
| INDIANA PAROLE BOARD,<br>*Respondent-Appellee.* | Damon R. Leichty,<br>*Judge.* |

**O R D E R**

André Powell, a former Indiana prisoner, appeals the denial of his petition under 28 U.S.C. § 2254 seeking to restore 90 days of good-time credit against a burglary sentence. Because Powell has recently been released from custody for his burglary offense, we vacate the judgment denying the petition and remand for the district court to dismiss it as moot.

---

\* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Convicted of felony burglary, Powell was serving part of his 18-year term of incarceration at a community re-entry center when, in September 2018, his case worker charged him with stealing and failing to report to work. Powell was transferred back to prison while the charges were investigated; he received a conduct report the next month. After a disciplinary hearing, he was found guilty, lost 90 days' good time credit towards his burglary sentence, and ordered to serve the remainder of his term in prison.

Powell responded with litigation. First, he unsuccessfully petitioned under 28 U.S.C. § 2241 to contest his transfer to prison. He appealed the judgment denying that petition, and we vacated that judgment and remanded for dismissal of the petition as moot because he had been released from prison in February 2020. *See Powell v. Galipeau*, 808 F. App'x 386, 388 (7th Cir. 2020). Second, he separately petitioned under 28 U.S.C § 2254 to argue that he was deprived of good-time credits against his burglary sentence without due process. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). The district court dismissed that petition in May 2020 as moot. Powell moved for reconsideration. The court ruled that, even if the case were not moot, Powell's motion did not warrant relief because he received due process (notice of charges, the chance to present evidence, and discipline based on some evidence—the conduct report).

Powell appeals the denial of his § 2254 petition, arguing that the district court improperly created mootness by delaying its ruling until May 2020. But other events, which we asked the parties to address, require that we assess whether this appeal is moot. Powell was paroled from prison for his burglary offense in February 2020, and he began a two-year term of parole. Five months later, he was reimprisoned for a parole violation—misdemeanor theft. He served consecutive prison terms for the parole violation and the related theft conviction; those terms ended in January 2022. Powell was then released to complete his term of parole for his burglary conviction. *See* Ind. Code § 35-50-6-1(c). The state assures us (with evidence that Powell does not refute) that his parole term for his burglary offense ended on May 26, 2022. The state pledges that Powell is no longer "a parolee or probationer." It notes separately that Powell returned to custody in April 2022 on an unrelated and still-pending charge of resisting police.

This case is moot. Our jurisdiction is limited to live "cases and controversies." U.S. Const. Art. III, § 2; *see United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). And a petition for collateral relief on a sentence becomes moot after a petitioner is released from all forms of custody (including parole) for that sentence unless the petitioner will suffer collateral consequences from that custody. *See Spencer v. Kemna*, 523 U.S. 1, 7–14 (1998); *Lauderdale-El v. Indiana Parole Bd.*, No. 21-1242, 2022 WL 1613282, at *1 (7th Cir.

May 23, 2022). Powell has been released from custody for his burglary conviction. He was released from prison in January 2022, and from parole in May; thus, a restoration of good-time credits toward his burglary sentence can no longer advance the end of that sentence. Powell may face custody on new charges for resisting the police, but the good-time credit he seeks could, under Indiana law, credit only time against his burglary sentence, which is over. *See Garrison v. Sevier*, 165 N.E.3d 996, 1000 (Ind. Ct. App. 2021). Finally, although we presume that a criminal conviction has collateral consequences, that presumption does not extend to prison disciplinary proceedings, *see Spencer*, 523 U.S. at 7–16, and Powell does not identify any. When a petition for a writ of habeas corpus is moot, the Supreme Court requires that we vacate a merits decision with instructions to dismiss the petition as moot. *See Munsingwear*, 340 U.S. at 41.

We thus VACATE the judgment and REMAND with instructions to DISMISS the petition as MOOT.